UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRELLE D. OLIVER,
    Plaintiff,

v.                                                                                      Case No. 21-C-653

CATHY JESS, JENNIFER VANDE VOORT,
MICHAEL BINNER, and BEVERLY SCHROEDER,
    Defendants.

## DECISION AND ORDER

Plaintiff Terrelle D. Oliver, a Wisconsin state prisoner representing himself, filed this case under 42 U.S.C. § 1983 against employees of the Wisconsin Department of Corrections. He alleges that he was subjected to unconstitutional conditions of confinement. I allowed the plaintiff to proceed on claims against four defendants based on allegations that he was subjected to freezing cell temperatures in the R Building at Oshkosh Correctional Institution from October 31, 2019 until March 9, 2000. The defendants responded to the complaint by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) in which they contend that all claims in this case are precluded by the doctrine of release.

In support of their motion to dismiss, the defendants contend that, as part of a settlement in a different federal case, *Terrelle Oliver v. Gregory Friedel, et al.*, E.D. Wis. Case No. 19-C-43, the plaintiff entered into a settlement agreement in which he released all claims against the State of Wisconsin, the Department of Corrections, and their employees and agents based on events that occurred before April 9, 2021. The claim at

issue in this case arose from October 2019 until March 9, 2020, and thus the defendants contend that the plaintiff has released them from liability.[1]

In seeking dismissal based on the release, the defendants have raised an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). However, the affirmative defense of release ordinarily may not be raised in a motion under Rule 12(b)(6), for the problem being raised is not that the complaint fails to state a claim, but that the plaintiff signed a release waiving his right to make the claim. *See United States v. Rogers Cartage Co.*, 794 F.3d 854, 860 (7th Cir. 2015). The correct way to obtain dismissal based on a release is to raise the affirmative defense and then move for judgment on the pleadings under Rule 12(c). *Id.* However, a party's failure to use the correct procedure is harmless when all the facts necessary to rule on the affirmative defense are properly before the district court on the motion to dismiss. *See ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 745 (7th Cir. 2017). Here, all the necessary facts are properly before me. The plaintiff filed the settlement agreement with the court in Case No. 19-C-43 (*see* ECF No. 73-1 in that case), and I may take judicial notice of court filings when deciding a motion to dismiss under Rule 12(b)(6). *See, e.g., White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016). Other than the settlement agreement, the defendants have not relied on materials outside the complaint. Thus, I will consider the defendants' request to enforce the release even though they raised this issue through the wrong procedural vehicle.

---

[1] I previously granted a similar motion in another one of the plaintiff's cases. *See Oliver v. Sabel, et al.*, Case No. 20-cv-1069-LA (E.D. Wis.).

The settlement agreement was entered into by the plaintiff, the State of Wisconsin, the Wisconsin Department of Corrections ("DOC"), and all employees of those entities. It provides that, in exchange for a payment of $5,000, the plaintiff agrees to dismiss with prejudice Eastern District of Wisconsin Case No. 19-C-43. The settlement agreement contains a section entitled "Release of Claims," which provides in relevant part as follows:

> In exchange for the consideration listed above, Plaintiff releases and forever discharges the State, the DOC, and their officers, agents, employees, successors, personal representatives, and insurers (the "Released Parties") from any and all manner of action or actions (including cause or causes of action, suits, debts, covenants, agreements, liabilities, rights, damages, costs, claims of interest, awards of attorney fees, claims and demands of every kind and nature whatsoever, in law or equity, whether based on State or Federal law), that relate to any action or inaction—of any State of Wisconsin or DOC employee—that took place on any date before this Agreement is fully executed.

*See* Settlement Agreement, § 3. In addition, the agreement contains a section entitled "Covenant Not To Sue," which states, among other things, that the plaintiff promises not to sue any of the Released Parties in connection with a claim related to an action or inaction "of any State of Wisconsin or DOC employee" that took place "on any date before this Agreement is fully executed." *Id.* § 4. However, the plaintiff reserved his rights to challenge "any future acts of any DOC or other State employee." *Id.* § 5. The final sentence of the agreement states conspicuously that "THIS RELEASE AND SETTLEMENT AGREEMENT HAS BEEN READ AND UNDERSTOOD BY THE UNDERSIGNED BEFORE SIGNING." *Id.* § 10. The plaintiff signed the agreement immediately below this sentence, and his signature was notarized on April 9, 2021. The state signed the agreement that same day, and thus the agreement was fully executed on April 9, 2021.

In deciding whether the release bars the plaintiff's current claims, I apply Wisconsin contract law. *See Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014). Under Wisconsin law, when the language of a settlement agreement is clear on its face, a court must assume that the language represents the parties' intent and must apply it as written. *See United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1219 (1990) (applying Wisconsin law). Here, the language is clear: the release applies to "any and all manner of actions," which is defined broadly to include "claims and demands of every kind and nature whatsoever," that relates to any action or inaction of "any State of Wisconsin or DOC employee" that "took place on any date before" the agreement was fully executed (which was April 9, 2021). In the present case, the plaintiff brings an action against State of Wisconsin and DOC employees arising out of events that occurred between October 2019 and March 2020, which was a period before the agreement was fully executed. Thus, the present lawsuit falls squarely within the scope of the release and is barred.

The plaintiff contends that he was defrauded and misled by the judge and attorneys when signing the settlement agreement because the settlement offer presented to him during a telephone conference with the court and counsel for defendants in Case No. 19-cv-43 only included settlement of that case. ECF No. 15 at 5. The plaintiff also contends that the settlement agreement's language was intentionally and unconstitutionally vague,

and that he never intended to sign a global release. ECF Nos. 15, 16.[2] The plaintiff filed a declaration in which he reiterates these assertions. ECF No. 17 at 1-2.[3]

As I previously explained in Case No. 20-cv-1069, the other case in which the plaintiff brought conditions of confinement claims against DOC employees in which I granted the defendants' motion to dismiss based on the settlement agreement he signed in Case No. 19-cv-43:

> The plaintiff has filed letters with the court in both this case and Case No. 19-C-43 in which he claims that attorneys for the state are trying to "pull a fast one" by using the release from the settlement agreement in Case No. 19-C-43 to achieve dismissal of the present case. However, the plaintiff fails to recognize that the settlement agreement he signed in that case contains a release that plainly applies to any lawsuit against DOC employees that is based on events that occurred before April 9, 2021. The plaintiff seems to think the release must be limited to the lawsuit for which it was negotiated, but "[m]any a release covers all disputes between the same parties, not just the dispute already in court." *Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d 970 (7th Cir. 2019). The state was within its rights to ask the plaintiff to sign such a broad release. The plaintiff was not compelled to sign it; he could have refused to settle unless the release was narrowed to apply only to Case No. 19-C-43. But he did not do so, and the broad release became enforceable on April 9, 2021.
>
> I understand that the plaintiff is *pro se* and did not have an attorney review the settlement agreement before he signed it. But a court has no authority to relieve an unrepresented party from the consequences of a contract he signed unless one of the usual grounds for setting aside a contract (such as fraud, mutual mistake, or duress) is shown. The plaintiff has not argued that the settlement agreement could be set aside on any

---

[2] The plaintiff's arguments are contained in his response brief (ECF No. 15) and in his motion to strike defendants' motion to dismiss (ECF No. 16). In his motion to strike, the plaintiff also contends that the defendants improperly moved for dismissal without first filing an answer. ECF No. 16 at 1. However, as described above, I may consider the defendants' motion for judgment on the pleadings because the facts necessary to decide the motion are before me. I will therefore deny the plaintiff's motion to strike.

[3] Plaintiffs may oppose a motion to dismiss or motion for judgment on the pleadings with "materials outside the pleadings to illustrate the facts the party expects to be able to prove." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

> such ground. Although the plaintiff's reference to "pulling a fast one" could be construed as an argument that the agreement should be set aside based on fraud, he has not pointed to facts suggesting that the agreement could be rescinded for fraud. To rescind based on fraud, the plaintiff would have to demonstrate that the settlement agreement was procured through a material misrepresentation upon which he was justified in relying. *See Archdiocese of Milwaukee*, 743 F.3d at 1105. But the plaintiff does not point to any material misrepresentation. Moreover, the settlement agreement itself states in plain and easy-to-understand terms that the release encompasses claims based on any action or inaction of the State or the DOC that took place before the agreement was executed. In light of the plaintiff's submissions in this case and others that he has filed in this court, I know he is able to read and can understand basic legal principles. Had the plaintiff read the settlement agreement carefully before signing it, he would have realized that the release applied to more than just Case No. 19-C-43. Because the settlement agreement is so clear, the plaintiff could not have justifiably relied on any representations that arguably contradicted the agreement's terms. Therefore, the release, which applies to the claims raised in this suit, must be enforced.

*Oliver v. Jess, et al.*, 20-cv-1069, at 4-5.

In this case, while the plaintiff does contend that the settlement agreement should be set aside based on fraud, he has not pointed to a material misrepresentation upon which he was justified in relying. Moreover, the plaintiff's contention that the agreement is unconstitutionally vague is contradicted by the plain language of agreement. In addition, he acknowledges that he signed the agreement without reading it thoroughly. ECF No. 15 at 4. Thus, like in Case No. 20-cv-1069, the release applies to the claims raised in this case and must be enforced.

On February 16, 2022, the plaintiff filed a motion for an injunction to prevent Oshkosh Correctional Institution from refusing plaintiff's mail/legal mail. ECF No. 20. This request is unrelated to the claim upon which the plaintiff was allowed to proceed in this case. I cannot grant the plaintiff the injunctive relief he requests.

6

Case 2:21-cv-00653-LA    Filed 05/17/22    Page 6 of 7    Document 21

For the reasons stated, **IT IS ORDERED** that the defendants' motion to dismiss (ECF No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike defendants' motion to dismiss (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for injunction to prevent Oshkosh Institution from refusing plaintiff's legal mail (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter final judgment.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2022.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge